## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shift Property Management, LLC<br>3525 I Street<br>Philadelphia, PA 19134, | : | Civil No.: 2:21-cv-02410-NIQA |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Certain Underwriters of Lloyd of London<br>c/o Mendes and Mount<br>750 Seventh Avenue<br>New York, New York 10019-6829, | : | |
| | : | |
| | : | |
| Defendant. | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Shift Property Management, LLC ("plaintiff"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its opposition to defendant Certain Underwriters at Lloyd's, London's ("defendant") Motion to Dismiss, with prejudice, the second count of plaintiff's First Amended Complaint for failure to state a claim.

This matter comes before the Court on defendant's motion to dismiss plaintiff's bad faith claim for failure to state a claim upon which relief can be granted, alleging that plaintiff's Amended Complaint lacks the specific and sufficient facts necessary to support its bad faith claim. Defendant accepted plaintiff's premium payments over the years, but when plaintiff's property sustained a covered loss due to rioters in the wake of George Floyd's murder, defendant failed to pay plaintiff's full claim. Rather, defendant has inexplicably denied plaintiff's claim, insisting that the Property was vacant, unattended and/or unoccupied at the time of the losses despite plaintiff providing video camera footage, its lease agreement with the tenant of the property, Olympia

1

Sports, LLC ("Olympia Sports"), and water usage bills showing the building was occupied. Defendant has never attempted to proffer its reasoning behind denying plaintiff's claim.

As plaintiff's Amended Complaint clearly states, plaintiff's bad faith claim is premised on plaintiff providing defendant with a trove of documentary evidence during its investigation which defendant ignored, and instead frivolously denied plaintiff's claim for benefits. Plaintiff's allegations that defendant had no basis to deny the claim under the auspices of the Property being vacant are sufficiently pled so as to put defendant on notice as to the factual grounds upon which plaintiff bases its bad faith claim. Dismissal of plaintiff's claims would be substantively incorrect, and, at best, procedurally premature at this stage of the pleadings. There is no basis to find that plaintiff's bad faith claim fails to state a cause of action. Alternatively, plaintiff respectfully requests the opportunity to amend the Amended Complaint to cure any deficiencies noted by this Honorable Court.

## STATEMENT OF RELEVANT FACTUAL AND PROCEDURAL HISTORY

As set forth in plaintiff's Amended Complaint, plaintiff owns a building located at 3134 Kensington Ave, Philadelphia, PA 19134 ("Property").[1] At all relevant times, defendant insured the Property under Policy No. RBF002044 ("Policy"), which included coverage for losses sustained as a result of vandalism, theft and water damage.[2] Plaintiff leased the Property to Olympia Sports, Inc. ("Olympia Sports") which operated a commercial footwear, apparel and sporting goods store.[3] Due to the pandemic, Olympia Sports was closed to the public but maintained inventory in the Property which it would ship to customers as orders were placed and

---

[1] See Amd. Complaint at ¶ 1.
[2] See Amd. Complaint at ¶ 7.
[3] See Amd. Complaint at ¶ 6.

2

it was working towards re-opening to in-person customers.[4]  Both plaintiff and Olympia Sports continued to maintain a presence in the Property during the pandemic.[5]

On or about May 30, 2020 and in the aftermath of George Floyd's murder with the protests and rioting that followed, rioters broke into Olympia Sports and caused damage to the Property.[6] Later in July, the Property sustained water damage.[7]  Plaintiff notified defendant of its losses, which totaled in excess of $200,000.00.[8]

During defendant's investigation plaintiff provided defendant with video camera footage, its lease agreement with Olympia Sports, and water usage bills showing that the Property was not vacant.[9]  At all relevant points in time, plaintiff complied with all of the requirements and conditions set forth in the Policy.[10]  Despite clear coverage under the Policy and support for the full extent of plaintiff's damages, defendant has not agreed to provide complete coverage for plaintiff's losses, claiming that the Property was vacant, unattended and/or unoccupied without providing plaintiff any documentation or reason to support this conclusion.[11]

On May 21, 2021, plaintiff filed a complaint against defendant in the Philadelphia County Court of Common Pleas setting forth two causes of action: (1) breach of contract and (2) bad faith under 421 Pa.C.S. § 8371.  Defendant subsequently removed the lawsuit to this court.[12]  Defendant now moves for dismissal with prejudice of the second count of plaintiff's Amended Complaint. Contrary to defendant's arguments, there is no basis to dismiss this count of plaintiff's Amended Complaint.

---

[4] See Amd. Complaint at ¶ 8 and 10.
[5] See Amd. Complaint at ¶ 9.
[6] See Amd. Complaint at ¶ 11-12.
[7] See Amd. Complaint at ¶ 13.
[8] See Amd. Complaint at ¶ 9-10.
[9] See Amd. Complaint at ¶ 18-22.
[10] See Amd. Complaint at ¶ 7.
[11] See Amd. Complaint at ¶ 23-25.
[12] See ECF No. 1.

2827443.1

## LEGAL ARGUMENT

**A.      CONTROLLING LEGAL PRINCIPLES**

### 1.      Rule 12(b)(6) Standard

Defendant's argument that plaintiff has not alleged the minimum facts necessary to sustain a claim for bad faith is without merit.  It is well-settled that, generally, in considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted, a court must accept as true all well-pleaded allegations and view them in a light most favorable to the non-moving party. Parties cannot rely solely upon conclusory allegations that merely set forth the basic elements of a cause of action.[13]  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.[14]

Substantively, the standard for a motion to dismiss was explained by the United States Supreme Court in Ashcroft v. Iqbal.[15]  Iqbal provides that, in order to avoid dismissal under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16]  Iqbal confirms that the "plausibility" standard, originally espoused by the Supreme Court in Bell Atlantic Corp v Twombly[17], applies to all civil actions in federal court.[18]

In Iqbal the Supreme Court held that district courts should undertake the following two-step analysis in considering motions to dismiss: (1) accept as true all factual, non-conclusory allegations in plaintiff's complaint and dismiss legal conclusions and "threadbare recitals of the

---

[13] Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009).
[14] See also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).
[15] 129 S.Ct. 1937 (2009).
[16] Id. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).
[17] 550 U.S. 544 (2007).
[18] Iqbal, 129 S.Ct. at 1953.

2827443.1

elements of a cause of action;" (2) determine whether the complaint states a plausible claim for relief, rather than conceivable or possible, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief,"[20] giving the defendant "fair notice of what the... claim is and the grounds upon which it rests."[21]

The Supreme Court's goal in Iqbal was to admonish the practice of providing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in order to prevent the filing of complaints which merely constitute fishing expeditions.[22]  The Amended Complaint contains a concise statement of factual allegations providing a timeline and background for the claims asserted, dismissal will not further the goal of Iqbal.[23]  Taken as true by the Court, the factual allegations detailed in plaintiff's Amended Complaint clearly show plaintiff's bad faith claim is plausible.

### 2.   Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371

The Pennsylvania bad faith statute, 42 Pa.C.S.A. § 8371, provides in its entirety:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

---

[19] Id. at 1949-1950.
[20] Fed. R. Civ. P. 8(a)(2).
[21] Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[22] Id. at 1949.
[23] Amd. Complaint at ¶¶ 6-29.

2827443.1

To succeed on a bad faith claim, a plaintiff-insured must prove, by clear and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim."[24]

While the term "bad faith" is not defined in the statute, courts have determined that a variety of carrier actions can constitute bad faith, including "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured."[25]  Bad faith on part of insurer has also been characterized as any frivolous or unfounded refusal to pay proceeds of a policy, the conduct need not rise to the level of fraudulent.[26]  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.[27]

"Delay is a relevant factor in determining whether bad faith has occurred…".[28]  Similarly, an insurer's failure to communicate with a claimant may be a basis for a bad faith claim.[29]  Bad faith is not limited to the insurer's conduct in denying a claim but an action for bad faith "may also extend to the insurer's investigative practices."[30]  Courts have found bad faith even in cases where

---

[24] Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir.2005); Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (1994).
[25] Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n. 9 (3d Cir.1999); see also Terletsky, 649 A.2d at 688.
[26] Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d at 137 (citations omitted).
[27] Id.
[28] Kosierowski v. Allstate Ins. Co., 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999), aff'd, 234 F.3d 1265 (3d Cir. 2000).
[29] Padilla v. State Farm Mut. Auto. Ins. Co., 31 F. Supp. 3d 671, 676 n. 9 (E.D. Pa. 2014) (citations omitted).
[30] O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. 1999).

2827443.1

no coverage is due.[31]   Ultimately, "[b]ad faith claims are fact-specific and depend upon the specific conduct of the insurer vis-à-vis its insured."[32]

## B.    ANALYSIS

Plaintiff has pled sufficient factual allegations regarding its bad faith claim to support denial of the instant motion.[33]   As to the first prong established in Iqbal, plaintiff's Amended Complaint provides significant factual details identifying and supporting plaintiff's allegations that the insurer did not have a reasonable basis for denying benefits under the policy. While the Amended Complaint speaks for itself, the specific facts alleged are as follows:

- During all relevant times, defendant insured the Property pursuant to Policy No. RBF002044 ("Policy") for damages including those damages arising out of vandalism, theft, and water loss.[34]

- The Policy contained coverage for certain losses, including those sustained as a result of vandalism, theft and water loss.[35]

- Plaintiff leased the Property to Olympia Sports which operated a commercial footwear, apparel and sporting goods store.[36]

- Due to the pandemic, Olympia Sports was closed to the public but kept inventory and fulfilled orders to ship on the Property at this time.[37]

- Both plaintiff and Olympia Sports continued to maintain a presence in the Property during the pandemic.[38]

- On or about May 30, 2020 and in the aftermath of George Floyd's murder with the protests and rioting that followed, rioters broke into Olympia Sports and caused damage to the property.[39]

---

[31] Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 244 Fed. Appx. 424, 435 (3d Cir. 2007); see also Dagit v. Allstate Prop. & Cas. Ins. Co., No. CV 16-3843, 2017 WL 395489, at *4 (E.D. Pa. Jan. 30, 2017) (motion to dismiss bad faith claim based upon insurer's delay in paying a claim denied, despite breach of contract claim not being legally viable).

[32] See Zimmerman v. Harleysville Mut. Ins. Co., 860 A.2d 167, 173 (Pa. Super. 2004).

[33] See Amd. Complaint at ¶¶6-29.

[34] See Amd. Complaint at ¶7.

[35] See Id.

[36] See Amd. Complaint at ¶ 6.

[37] See Amd. Complaint at ¶ 8 and 10.

[38] See Amd. Complaint at ¶ 8-10.

[39] See Amd. Complaint at ¶ 11-12.

2827443.1

- Later in July, the Property sustained water damage.[40]

- Plaintiff provided defendant video camera footage, showing the loss due to vandalism and theft and as evidence the building was occupied.[41]

- Plaintiff provided defendant with its lease agreement with Olympia Sports, as evidence the building was occupied.[42]

- Plaintiff provided defendant with water usage bills as evidence the building was occupied.[43]

- Defendant has not agreed to provide complete coverage for plaintiff's losses, claiming that the Property was vacant, unattended and/or unoccupied without providing anything to support this contention.[44]

- There is no factual basis for defendant's claim that the Property was vacant, unattended and/or unoccupied.[45]

Plaintiff has detailed in its Amended Complaint more than enough specific facts to plausibly allege that defendant had no reasonable basis to conclude that the Property was vacant and deny plaintiff's claim of benefits.

The Court in 1009 Clinton Properties, LLC v. State Farm Fire & Cas. Co., set forth the analysis to be followed when determining the viability of a bad faith count at this stage of the litigation. The citation is long but states perfectly the basis for the steps required when undertaking this analysis:

> First, bad faith claims are inherently intertwined with breach of insurance contract claims. If an insurance company denies a claim and a plaintiff truly believes it was unreasonable, then a bad faith claim only logically follows the underlying breach of contract claim. Plaintiff pleading facts pertaining to the breach of contract are also facts that suggest the denial was unreasonable, which goes to satisfying the first element of a bad faith claim under § 8371. Although there is a logical connection between a breach of contract and bad faith claim, it is virtually

---

[40] See Amd. Complaint at ¶ 13.
[41] See Amd. Complaint at ¶ 19.
[42] See Amd. Complaint at ¶ 20.
[43] See Amd. Complaint at ¶ 21.
[44] See Amd. Complaint at ¶ 23-25.
[45] See Amd. Complaint at ¶ 24-26.

2827443.1

impossible for a plaintiff to know whether a defendant insurance company actually acted in bad faith when denying the plaintiff's claim. This pertains to the second element of a bad faith claim under § 8371. A plaintiff is not in a position to specifically factually plead the second element because those facts go to the insurer's state of mind. This information is clearly not available to a plaintiff at the time of the filing of the complaint.

This is an obstacle that a plaintiff may never overcome because the defendant holds the evidence of bad faith. The bad faith aspect of an insurance matter will never fully materialize to a plaintiff until discovery is completed. The only aspect of a bad faith claim that a plaintiff can legitimately plead that is within its purview is the length of time the insurance company took to deny the plaintiff's claim.

Other than the length of time, a plaintiff will never know whether a denial was done in bad faith, i.e., whether the insurance company denied the plaintiff's claim knowing it did not have a reasonable basis to do so. The crucial undiscovered facts would only show themselves in discovery. It is inequitable for an insurance company to hold all the facts pertaining to a bad faith claim and then move to dismiss the bad faith claim because the plaintiff did not have access to specific facts to plead bad faith.

Secondly, if a bad faith claim survives a motion to dismiss, there would no greater burden on the parties. The discovery needed to flesh out a breach of insurance contract claim is the same discovery needed to investigate the related bad faith claim. There would be no extra discovery nor any extra costs on the parties in order to determine whether the insurer acted in bad faith. As mentioned above, the plaintiff relies heavily on this discovery to prove a bad faith claim because the specific factual information needed to prove a bad faith claim will not be known to a plaintiff until discovery is exchanged. This concept of no greater burden is in line with Rule 1's guidance to ensure the inexpensive and speedy determination of every proceeding. *See supra* at 8. Furthermore, if the insurance company did not act in bad faith, then it can move to dismiss the bad faith claim at the summary judgment stage after discovery has been completed.

Third, when pleading a bad faith claim in conjunction with a breach of insurance contract claim that is sufficiently pled, the defendant is on notice as to what needs to be defended. A bad faith claim in conjunction with the breach of contract claim does not change the facts or issues of the case. On the contrary, facts in a complaint alleging a breach of insurance contract normally support a plaintiff's allegation that the defendant acted in bad faith. These facts properly put the defendant on notice as to what it needs to defend against. This is the underlying requirement of Rule 8.

Fourth and finally, "judging the sufficiency of a pleading is a context-dependent exercise." *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). "Some claims require more factual explication than other to state a

9

plausible claim for relief." *Id.* An insurance bad faith claim is in the category of claims that require less factual explication. Moreover, each bad faith claim should be analyzed according to the potential facts available to the plaintiff at the time of the filing of the complaint and must depend on the context of each case.[46]

Defendant argues that plaintiff has not pointed to the specific reasons why defendant was wrong to deny plaintiff's claim. As the Court discussed in 1009 Clinton Properties, LLC v. State Farm Fire & Cas. Co.,[47] allegations that plaintiff suffered damages to the insured property that was covered under the Policy, promptly notified defendant of the damages and allegations that "Defendant, despite demands for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay Plaintiff monies owed for the damages suffered as a result of the loss" were found to be sufficient to overcome a motion to dismiss as to both elements of bad faith.[48] Here, plaintiff alleges that defendant's denial of benefits ignored evidence that plaintiff provided to defendant during its investigation and has refused to pay benefits without legal justification or cause, the cases are strikingly similar.

The Court in 1099 Clinton also found that those specific factual allegations were sufficient under the second element of bad faith related to the insurer's state of mind, relying, in part, on drawing all reasonable inferences from those allegations and construing them in the light most favorable to the plaintiff:

> Although the factual allegations can be considered broad and not very specific, they nonetheless support a bad faith claim because of the Court's responsibility to draw reasonable inferences from well-pled factual allegations. "[The Court] must accept as true all well-pled factual allegations *as well as all reasonable inferences that can be drawn from them*, and construe those allegations in the light most favorable to the plaintiff." Plaintiff's factual allegations, in conjunction with the allegations pertaining to bad faith conduct, support the reasonable

---

[46] 1009 Clinton Properties, LLC v. State Farm Fire & Cas. Co., No. CV 18-5286, 2019 WL 1023889, at *4–5 (E.D. Pa. Mar. 4, 2019)
[47] Id.
[48] See 1009 Clinton Properties, LLC v. State Farm Fire & Cas. Co., No. CV 18-5286, 2019 WL 1023889, at *5 (E.D. Pa. Mar. 4, 2019).

10

inference that Defendant knew it lacked a reasonable basis to deny
Plaintiff's claim, thereby acting in bad faith when it denied Plaintiff's
claim.[49]

In the instant case, just as in <u>1009 Clinton</u>, plaintiff's factual allegations in conjunction
with the allegations pertaining to bad faith conduct are more than enough to support the
reasonable inference that defendant knew it lacked a reasonable basis to deny plaintiff's claim,
thereby acting in bad faith.  This is shown by the fact that plaintiff provided defendant a variety
of sources of documentary evidence that the building was occupied as detailed above.[50]
Accepted as true, plaintiff's well-pled factual allegations as a whole support the inference that
defendant knew it lacked a reasonable basis to deny plaintiff's claim, therefore the Court should
deny the Motion.

The case at hand is also similar to both <u>Kelly v. Progressive Advanced Ins. Co.</u>,[51]and
<u>Dougherty v. Am. States Ins. Co.</u>,[52] which both involve bad faith claims that overcame motions to
dismiss.

In <u>Kelly</u>, this Court found that "The Kellys allege that Progressive failed to pay their
claims, make a reasonable settlement offer, investigate their claims properly, and consider
medical and other documentation.  These allegations suffice to state a claim under § 8371."[53]  In
the matter before this Court, plaintiff has alleged significantly more factual information that what
was provided in the Complaint filed by the plaintiff in in <u>Kelly</u>.

---

[49] See <u>1009 Clinton Properties, LLC v. State Farm Fire & Cas. Co.</u>, No. CV 18-5286, 2019 WL 1023889, at *6
(E.D. Pa. Mar. 4, 2019) (citations omitted).
[50] See Amd. Complaint at ¶ 19-21.
[51] 159 F. Supp. 3d 562, (E.D. Pa. 2016).
[52] No. 3:20-CV-2166, 2021 WL 2383229 (M.D. Pa. June 10, 2021).
[53] See <u>Kelly v. Progressive Advanced Ins. Co.</u>, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016).

11

2827443.1

In <u>Dougherty</u>, the plaintiff alleged that she fully complied with all terms of the policy, continually provided medical records and reports to defendant outlining injuries and damages and cooperated with defendant at all times.  Despite her compliance, plaintiff alleged:

> Defendant failed to properly investigate her claim, refused to pay her but did not conduct a reasonable investigation, and failed to promptly and objectively evaluate her claim but instead delayed evaluating her claim. Plaintiff further alleges that Defendant's investigation of her claim was "unfair, unreasonable and dilatory" and that Defendant ignored the medical evidence substantiating her injuries and resulting disability.[54]

The Court found these allegations to be sufficient to plead a claim for bad faith under the statute. As noted above, plaintiff here has plead more detail than the plaintiff in <u>Dougherty</u>.  Plaintiff alleges that defendant has failed to pay its claim, and failed to consider the video recording, lease with Olympia Sports, and water bill that it provided substantiating its claim and evidencing that the Property could not have been vacant at the relevant times.[55]

Defendant argues in its Motion that this case is similar to <u>Soldrich v. State Farm Fire & Cas. Co.;</u>[56] however this case is clearly distinguishable.  In <u>Soldrich</u>, the plaintiff's complaint consisted of only conclusory allegations without any facts alleged from which the Court could make a plausible inference that defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits.[57]  In the instant case, plaintiff has alleged that it provided various forms of documentary evidence which defendant ignored and instead frivolously denied plaintiff's claim.  Plaintiff has alleged specific factual allegations marking a clear difference from <u>Soldrich</u> and showing that the reasoning behind <u>Soldrich</u> does not apply here.

---

[54] See <u>Dougherty v. Am. States Ins. Co.</u>, No. 3:20-CV-2166, 2021 WL 2383229, at *4 (M.D. Pa. June 10, 2021).
[55] See Amd. Complaint at ¶ 19-21.
[56] See <u>Soldrich v. State Farm Fire & Cas. Co.</u>, No. 5:15-CV-01438, 2015 WL 7568442 (E.D. Pa. Nov. 25, 2015).
[57] See <u>Id.</u> at *4 (E.D. Pa. Nov. 25, 2015).

2827443.1

Just as in 1009 Clinton, Kelly, and Dougherty, plaintiff's factual allegations are sufficient to overcome the instant Motion, therefore the motion should be denied.

## B. Dismissal With Prejudice is Inappropriate

It has long been held that the Third Circuit "frowns on dismissal with prejudice" in the context of motions to dismiss.[58]  Specifically, Third Circuit authority provides that "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."[59]  As set forth above, this matter does not present one of the limited circumstances requiring dismissal with prejudice.  In the event the Court is inclined to grant defendant's Motion, plaintiff respectfully requests leave to file an amended pleading in order to address any deficiencies raised by this Court.

## C. No Dismissal Based on "Other Laws" is Warranted

Defendant next argues that the reference to "other laws" in Count Two of the Amended Complaint should be stricken because the only claim plaintiff can raise against defendant for bad faith is under 42 Pa.C.S.A. §8371, and that any claim other than bad faith is not cognizable. Defendant misunderstands the reference in plaintiff's pleading.

Count Two is titled "Bad faith," and a clear reading of this Count provides that the claim is based on Pennsylvania's bad faith statute. The clause upon which defendant objects is found in Paragraph 37 of the Amended Complaint which provides:

> The refusal of defendant to timely compensate plaintiff for losses sustained and its practices in the handling of the claim constitute bad faith towards the insured, contrary to the provisions of 42 Pa.C.S.A. §8371 and other laws.

---

[58] See Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 432, n. 3 (D.N.J. 1999).
[59] See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002).

2827443.1

Defendant's apparent argument that a review of any other statute or cause of action to support a claim for bad faith other than 42 Pa.C.S.A. §8371 is wrong. For example, in <u>Berg v. Nationwide Mut. Ins. Co., Inc.</u>[60], the court held that an insured may seek to prove bad faith by demonstrating that the insurance carrier violated provisions of Pennsylvania's insurance statutes or regulations though they do not provide for a private cause of action.[61]

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court enter an Order denying defendant's Motion in its entirety.  Alternatively, plaintiff respectfully requests the opportunity to amend the Complaint to cure any deficiencies noted by this Honorable Court.

Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

DATE:  September 7, 2021

*/s/Alan C. Milstein*
Alan C. Milstein, Esquire
Jeffrey P. Resnick, Esquire
308 Harper Drive
East Gate Corporate Center, Suite 200
Moorestown, NJ 08057
Telephone:  (856) 662-0700
Facsimile:  (856) 661-2080
E-mail:amilstein@shermansilverstein.com
            jresnick@shermansilverstein.com
Attorneys for Plaintiff Shift Property
Management, LLC

---

[60] 44 A.3d 1164 (Pa. Super. 2012).
[61] <u>See</u>, <u>also</u>, <u>Employers Mut. Cas. Co. v. Loos</u>, 476 F.Supp.2d (W.D.Pa. 2007); <u>MGA Ins. Co. v. Bakos</u>, 699 A.2d 751 (Pa.Super. 1997); <u>Romano v. Nationwide Mut. Fire. Ins. Co.</u>, 646 A.2d 1228 (Pa.Super. 1994).

14